UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 24 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Julissa Lora-Hernandez )
Wilfredo Gonzalez-Lora, )
)
    Plaintiffs, )
)
v. ) Civil Action No. 11 0425
)
United States Department of Justice, )
)
    Defendant. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiffs' *pro se* complaint and applications for leave to proceed *in forma pauperis* ("IFP").[1] The Court will grant the IFP applications and dismiss the case. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see* § 1915A (requiring same of prisoner complaints).

Plaintiffs are a daughter and her incarcerated father described as a "nominal plaintiff/petitioner." Compl. at 1. They sue the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, "for the emotional, physical hardship inflicted upon [the daughter] after the defendant illegally, knowingly and intentionally fabricate[d] evidence to convict her father when she was a child . . . ." Compl. at 2. Plaintiffs seek $25 million in

---

[1] As a prisoner, plaintiff Wilfredo Gozalez-Lora has not complied with the Prison Litigation Reform Act ("PLRA") by providing a certified copy of his trust fund account statement for the six months preceding this complaint. *See* 28 U.S.C. § 1915(a)(2). Because the case will be dismissed prior to determining this plaintiff's ability to pay any or all of the filing fee, the Court will forego the formality of first directing his compliance with the PLRA.

monetary damages. If the alleged facts are proven true, the father's conviction would be invalid. Thus, the incarcerated plaintiff cannot recover monetary damages without first showing that he has invalidated the conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because the daughter's claim is predicated on the father's conviction that is not shown to have been invalidated, it, too, fails. *See Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: January ___, 2011

United States District Judge

2